(Reap. Dec. 10511)

PANORAMA ENTERPRISES, INC. ⎫
BRUCE DUNCAN CO., INC. ⎬ *v.* UNITED STATES
⎭

Entry No. 9197, etc.

(Decided April 14, 1963)

*Stein & Shostak* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties herein:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise covered by the appeals for reappraisement enumerated on the attached Schedule, attached hereto and made a part hereof, consists of tape recorders, manufactured by Victor Company of Japan and exported from Japan.

That all the merchandise covered by the appeal for reappraisement was entered subsequent to February 27, 1958.

IT IS FURTHER STIPULATED AND AGREED that the merchandise the subject of the appeal for reappraisement enumerated in the attached Schedule is not included on the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, required to be valued in accordance with Section 402(a) of the Tariff Act of 1930 as amended.

IT IS FURTHER STIPULATED AND AGREED that at the time of exportation of the instant merchandise to the United States, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for export to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoiced unit value, net packed.

IT IS FURTHER STIPULATED AND AGREED that these appeals for reappraisement may be deemed submitted for decision on this stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis

for the determination of the value of the merchandise here in question and that such value in each case is the unit invoice value, net, packed.

Judgment will issue accordingly.